WILLIAM PELLENZ *v.* D. BULLERDIECK.

In an action for damages for a malicious prosecution, it is essential to maintain the action that both malice and want of probable cause should be shown.

A tenant has a right to remove the improvements and additions he has made, provided he leaves the property leased in the state in which he found it, but when the additions are made with lime or cement, or the like, the lessor should be notified by the lessee of the intention to remove them, in order that the lessor may exercise his right of retaining them or paying a fair price.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *L. U. Gaennie* and *T. W. Collens*, for plaintiff. *Durant & Horner*, for defendant and appellant.

MERRICK, C. J. This is a suit for a malicious prosecution. The defendant having been condemned to pay $500 damages, prosecutes the appeal.

To judge of the question of malice and the want of proble cause, both of which are essential to maintain the action, we must look at the case as it appeared to the defendant when he made the complaint. The defendant was the testamentary executor of *Fink's* will, and there is no testimony to show that he was aware of the fact that the repairs and improvements put upon the property six years previously, had been put there by the tenant instead of *Fink*, and it was reasonable to suppose that they had been made by the lessor. Again, the defendant acted on the information of *Ambrose Hauton*, and the affidavit he subscribed before the Recorder instead of being positive, states that *William Pellenz* did, as deponent is informed, take, steal and carry away from a house belonging to the estate of the late *John D. Fink*, for whom deponent is testamentary executor, and which house the said *William Pellenz* was occupying as tenant, a number of windows and doors, &c., belonging to the estate, valued at about $200. Wherefore he charges the said *William Pellenz* with having committed larceny, &c., and he signed the affidavit as testamentary executor.

The proof shows that the plaintiff, after he had been notified to quit, pulled down a shop built by himself upon the premises, and also took out the doors and windows of the house, as well as the show case and shelves. The testimony does not show that it was taken away by stealth, but that the removal was in the daytime, although *Hauton* swears that *Pellenz* kept the gate of the yard locked, and that he looked through the gate and saw the lumber in piles in the yard.

Both *Pellenz* and *Bullerdieck* appear to be Germans, and it is not probable that either of them is acquainted with the distinction between a theft of movables severed from the freehold and a mere trespass. If *Bullerdieck* intended to charge the plaintiff with the act of taking down and removing the door and windows from the house by one continuous act, it was trespass and not larceny. If the charge was that *Pellenz* had taken down these windows and doors and suffered them to remain any time upon the property, and then cladestinely removed them, it might have been larceny. Wharton, Crim. Law 552, 2d edit. It is true, that the tenant has, under our law, a right to remove the improvements and additions provided he leaves the property in the state in which he found it; but where the additions are made with lime or cement, or the like, the lessor should be notified by the lessee of the intention to remove them, for he has the right to retain them on paying a fair price. C. C. 3697. In this instance the option might have

been important, for *Haughton* swears that the plaintiff was in arrears of rent to the amount of $260.

Under the circumstances of this case, we think the plaintiff has failed in establishing malice on the part of the defendant, without which the action cannot be maintained.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and that there be judgment in favor of the defendant and against the plaintiff's demand, the latter paying the costs of both courts.

SPOFFORD, J., took no part in this case.